UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Ronald Satish Emrit

   v.                               Civil No. 24-cv-038-JL-AJ

Sean "P. Diddy" Combs, Bad Boy
Entertainment, and Atlantic Records

**REPORT AND RECOMMENDATION**

Appearing pro se and in forma pauperis, plaintiff, Ronald Satish Emrit, who claims to reside in Maryland and Florida, has filed a complaint (Doc. No. 1) against Sean "P. Diddy" Combs, Bad Boy Entertainment, and Atlantic Records.  The Complaint -- which asserts no connection to New Hampshire -- is before the court for preliminary review.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d).

**Standard**

The court screens complaints filed by plaintiffs proceeding in forma pauperis to determine whether the plaintiff has asserted any non-frivolous claim upon which relief might be granted, seeks monetary relief from any defendant who is immune, or fails to invoke this court's jurisdiction.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).  Where the defense of improper venue is "'obvious from the face of the complaint and no further factual record is required to be developed,'" the court may, sua sponte, dismiss the case.  Cox v. Rushie, No. CA 13-11308-PBS,

2013 U.S. Dist. LEXIS 86794 at *14, 2013 WL 3197655 at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Wilkinson v. Sec'y, Fla. Dep't of Corr., 622 F. App'x 805, 809 (11th Cir. Fla. 2015). The court construes the pleadings of pro se parties liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## Discussion

Federal venue law states, in pertinent part, that a civil action may only be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(1)-(2); see also id. § 1400(a) (venue for copyright infringement claims is in district where defendant or defendant's agent resides). The plaintiff here makes no allegation in the Complaint that there is any connection between the District of New Hampshire and the events and parties named in the Complaint that would satisfy the venue requirements of federal law.

Under 28 U.S.C. § 1406(a), a case may be transferred to cure a lack of venue, in lieu of dismissal, if the transfer is in the interest of justice. As the plaintiff has filed the same

2

complaint in multiple districts, and the complaint has been dismissed elsewhere for reasons stated in those cases,[1] there is no cause to conclude that a transfer is in the interest of justice. Accordingly, the district judge should dismiss this action in its entirety, without prejudice, for improper venue.[2]

## Conclusion

For the foregoing reasons, the district judge should dismiss the case, without prejudice, for improper venue. Then, the clerk should enter judgment and close the case.

---

[1] See, e.g., Emrit v. Combs, No. 3:24-cv-00048-JAM (D. Conn. Feb. 14, 2024) (ECF No. 11) (lack of venue and failure to state claim upon which relief can be granted); Emrit v. Combs, No. 1:24-cv-037-JAW (D. Me. Feb. 9, 2024) (ECF No. 5) (lack of proper venue); Emrit v. Combs, No. 24-cv-0129, 2024 WL 199548, at *5, 2024 U.S. Dist. LEXIS 9007, at *10 (E.D. Pa. Jan. 18, 2024) (failure to state federal claims upon which relief can be granted, pro se plaintiff cannot assert claims on behalf of third parties, lack of complete diversity, and declining to exercise supplemental jurisdiction over state law claims), appeal filed, No. 24-1269 (3d Cir. Feb. 14, 2024); Emrit v. Combs, No. 24-cv-00213 (PKC), 2024 WL 168331, at *2, 2024 U.S. Dist. LEXIS 7714, at *5 (E.D.N.Y. Jan. 16, 2024) (dismissing complaint as frivolous); Emrit v. Combs, No. 24-cv-30-LJV, 2024 WL 586751, at *4 (W.D.N.Y. Jan. 11, 2024) (lack of personal jurisdiction and venue, and failure to state a non-frivolous claim), appeal filed, No. 24-360 (2d Cir. Feb. 13, 2024).

[2] This court need not decide whether the prior decisions that dismissed essentially the same complaint preclude the plaintiff from litigating the same claims here, as dismissal is warranted here for improper venue. Cf. Denton v. Hernandez, 504 U.S. 25, 34 (1992) (dismissal of complaint filed in forma pauperis under predecessor to 28 U.S.C. § 1915(e)(2) "could have a res judicata effect on frivolousness determinations for future in forma pauperis petitions").

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. The objection period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the written objections "'are subject to review in the district court,'" and any issues "'not preserved by such objection are precluded on appeal.'" Id. (citations omitted).

                                              */s/ Andrea K. Johnstone*
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

February 20, 2024

cc: Ronald Satish Emrit, pro se